## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

MARY VEAL,

        Plaintiff,

                                    Case No. 10-      -NO

vs.                                      Hon.

GREYHOUND LINES, INC.,
a Delaware Corporation,

        Defendant.

_____/

LAWRENCE R. ROTHSTEIN (P19697)
MARIO J. AZZOPARDI (P46971)
Attorneys for Plaintiff
19068 W. Ten Mile Road
Southfield, MI 48075
(248) 355-2048/(248) 355-2079
lrr@rothsteinlawgroup.com
mja@rothsteinlawgroup.com

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

        NOW COMES the Plaintiff, MARY VEAL, by and through her attorneys, ROTHSTEIN, ERLICH And ROTHSTEIN, PLLC, and complains unto this Honorable Court as follows:

### General Allegations

        1.      That the Plaintiff herein is a resident of the City of Farmington Hills, County of Oakland, State of Michigan.

        2a.      Defendant, GREYHOUND LINES, INC., hereinafter referred to as Defendant "GREYHOUND", is a Delaware corporation qualified to do business in Michigan, whose resident

1

agent is CT Corporation System, located at 30600 Telegraph Road, Ste. 2345, Bingham Farms, Michigan, and at all relevant times has maintained continuous and systematic contact with and was conducting a regular part of its business in the State of Michigan.

2b.     That Defendant, GREYHOUND LINES, INC., maintains its principal place of business in the State of Delaware and is domiciled in the State of Delaware.

3.     This cause of action arose in the State of Ohio.

4.     That the amount in controversy herein exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest, attorney fees and costs.

5.     That this Court has jurisdiction of this case pursuant to complete diversity of citizenship of the parties involved.

### Count I – NEGLIGENCE

6.     Plaintiff herein re-incorporates and re-alleges Paragraphs 1 through 5 of the General Allegations of her Complaint with the same force and effect as if same were set forth in full hereunder, and further states:

7.     That on or about  August 10, 2008, Defendant, GREYHOUND, was the owner, operator, and/or was otherwise in control and/or co-control of a fleet of passenger buses/coaches which were maintained and operated by Defendant's employees, drivers, staff, mechanics, agents and/or representatives for the intrastate transportation, interstate transportation and/or use by its passengers, patrons, business invitees, and other persons lawfully on the buses/coaches.

8.     That on or about August 10, 2008, Defendant, GREYHOUND, was the owner,

2

operator, and/or was otherwise in control and/or co-control of the Fostoria/Findlay, Ohio Greyhound bus terminal used by Defendant, its employees, drivers, staff, agents and/or representatives to allow Defendant's passengers, patrons, business invitees to disembark and/or board Defendant's passenger busses/coaches.

9.     That on or about August 10, 2008, Defendant was responsible for the safety of its passengers, patrons, business invitees, and other persons lawfully present while riding aboard and occupying its Greyhound Detroit to Columbus bus, while disembarking from its bus, while boarding its Greyhound bus, and/or while said passengers were present upon the bus terminal premises owned by, in the possession of, controlled by and/or maintained by Defendant GREYHOUND.

10.     That on or about August 10, 2008, the Plaintiff, MARY VEAL, was paying customer of Defendant and was lawfully disembarking and/or exiting a GREYHOUND bus at the Fostoria/Findlay, Ohio GREYHOUND bus terminal, under the direction and instruction of Defendant GREYHOUND's  authorized employee, driver, agent and/or representative.

11.     That the Plaintiff, MARY VEAL, was exercising all due care and caution when she attempted to exit the GREYHOUND bus she was a passenger on and fell from the exit of the bus onto the pavement below on the premises owned, managed, leased or otherwise under control of the Defendant.

12.     That at all times relevant and material hereto, it was the duty of the Defendant to provide and maintain a reasonably safe and fit passenger bus/coach which it permitted passengers, patrons, business invitees, and other persons to be transported in.

13.     That at all times relevant and material hereto, it was the duty of the Defendant

to provide and maintain a reasonably safe and fit terminal, property and premises for areas it permitted and/or required its passengers, patrons, business invitees, and/or other persons to utilize for purposes of disembarking or boarding its buses/coaches.

14.     That the Defendant breached its aforestated duties and was negligent in, but not limited to, the following duties and particulars:

A.     Failing to provide a stair, step or other assistive device for passengers stepping down from the GREYHOUND bus steps to the pavement below or insure that those who were delegated that responsibility did so in a reasonable and prudent manner;

B.     Failing to warn its passengers, patrons and invitees that a stair, step, or other assistive device was not present at the base of the bus' exit to reduce the distance between the lowest bus step and the pavement or ground below;

C.     Failing to equip their buses and/or provide buses with the ability and/or mechanical equipment to lower their height so that passengers did not have to step down an excessive and/or dangerous distance between the lowest step and the pavement or ground below;

D.     Failing to consistently provide a stair, step or other assistive device for passengers exiting every GREYHOUND bus to help them while stepping down from the bus onto the pavement below or insure that those who were delegated that responsibility did so in a reasonable and prudent manner;

E.     Failing to warn its passengers that stairs, steps or other assistive devices were not consistently provided for passengers exiting all GREYHOUND buses to assist them with stepping down from the bus onto the pavement below;

4

F.    Permitting passengers to exit from a GREYHOUND bus without ensuring that they could reach the pavement below safely;

G.    Permitting an unreasonably high and therefore dangerous height differential between the bus' lowest step and the pavement below;

H.    Failing to build, engineer or provide a reasonably sufficient number of fixed ramps, stairs, steps or other assistive devices to help passengers exiting a GREYHOUND bus to step down in a reasonable and safe manner;

I.     Failing to provide or have available a reasonably sufficient number of moveable ramps, stairs or steps to assist passengers exiting a GREYHOUND bus to step down onto the pavement in a reasonably safe manner;

J.    Permitting a dangerous condition to exist with respect to an unreasonably and unsafe height differential between the bus exit and the pavement below;

K.    Failing to take reasonable precautions to prevent injuries such as incurred by the Plaintiff;

L.    Allowing a dangerous condition to exist by allowing passengers to exit a bus by stepping down an extraordinary and unreasonably large distance to the pavement below without any form of assistance or assistive device;

M.    Failing to supervise the premises to insure that its condition was safe for passengers' use;

N.    Failing to supervise their employees, drivers, staff, agents and/or representatives and/or their passenger buses/coaches to insure their passengers were not exposed to

5

unreasonably and/or unnecessary risk of harm and injury;

O.   Failing to regularly inspect the premises for dangerous and hazardous conditions;

P.   Failing to regularly inspect its passenger buses/coaches for dangerous and hazardous conditions;

Q.   Failing to take reasonable precautions for the safety of persons lawfully on the premises when Defendant knew or should reasonably have known of the dangerous conditions present on or about the premises;

R.   Failing to take reasonable precautions for the safety of passengers lawfully on Defendant's passenger buses/coaches when Defendant knew or should reasonably have known of the dangerous conditions present;

S.   Failing to take any precautions or make reasonable efforts to remove the dangerous conditions within or upon the premises when the Defendant knew or should have reasonably known of the existence of such dangerous conditions;

T.   Failing to take any precautions or make reasonable efforts to remove the dangerous conditions within or upon its passenger busses/coaches when the Defendant knew or should have reasonably known of the existence of such dangerous conditions;

U.   Failing to reasonably and properly maintain the premises or reasonably supervise or insure its proper maintenance to prevent dangerous conditions from occurring;

V.   Failing to reasonably and properly maintain its passenger busses/coaches or reasonably supervise or insure their proper maintenance to prevent dangerous

6

conditions from occurring;

W.    Failing to properly train, supervise, manage and/or instruct their employees, drivers, staff, agents and/or representatives;

X.    Creating a dangerous condition or contributing to the creation of a dangerous condition on the premises;

Y.    Failing to train and re-train its employees/bus drivers on the proper and safe manner to assist its bus passengers as they disembarked or boarded its busses to ensure that each passenger could reasonably exit or board without being subjected to unreasonable risk of harm or injury;

Z.    Committing other acts of negligence not yet known but which will be ascertained through the course of discovery in said litigation.

15.    That in the happening of the aforestated incident, the Plaintiff was not negligent, but rather the Plaintiff's injuries were the sole, direct, and proximate result of the Defendant's negligence and breaches of duties and that of its employees, drivers, staff, agents and/or representatives.

16.    That as a direct and proximate result of the Defendant's negligence, the Plaintiff, MARY VEAL, suffered severe injuries to her body, including but not limited to injury to her bones, muscles, ligaments, nerves and nervous system, including injury to her neck, back, chest, shoulders, arms, legs, knees, and other parts of her body which resulted in a serious impairment of body function(s) and/or permanent serious disfigurement..

17.    That as a result of the said incident, the Plaintiff, MARY VEAL, was made to

7

suffer painful and debilitating injuries requiring medical treatment, including hospital treatment, surgery, physical rehabilitation therapy, nursing services, and other medical treatment.

18.     That as a result of the said incident, the Plaintiff, MARY VEAL, suffered severe embarrassment, distress, discomfort, inconvenience, mental anguish, pain and suffering; and Plaintiff has incurred significant doctor bills, medical bills, and hospital bills and will continue to do so in the future.

19.     That prior to the accident, Plaintiff was in reasonably good health and was able to and did participate in most of the usual activities of life, but since said accident, Plaintiff has been under medical care and in a state of continued pain, stress, and discomfort, all affecting her general ability to lead her normal life and preventing her from engaging in many of those activities she engaged in prior to the accident.

20.     That, additionally, the Plaintiff, MARY VEAL, suffered significant loss of earnings and a permanent diminution of her earning capacity and that, because of the nature of said injuries, the Plaintiff will likely incur loss of wages or earnings in the future.

WHEREFORE, the Plaintiff prays for judgment in favor of Plaintiff and against the Defendant in whatever amount this Court deems Plaintiff is entitled, together with interest, costs, and reasonable attorney fees.

### Count II – OWNERS LIABILITY

21.     Plaintiff herein re-incorporates and re-alleges Paragraphs 1 through 5 of the General Allegations and Paragraphs 6 through 20 of Count I of this Complaint with the same force and effect as if same were set forth in full hereunder, and further states:

22.     That at all times relevant hereto, the passenger bus/coach being operated and supervised by Defendant's employee, driver, staff, agent and/or representative was owned/co-owned and/or leased/co-leased by Defendant, GREYHOUND.

23.     That at all times relevant hereto, the passenger bus/coach being operated and/or supervised by Defendant GREYHOUND's  employee, driver, staff, agent and/or representative was being operated with the express and/or implied consent and knowledge of Defendant GREYHOUND.

24.     That Defendant GREYHOUND is responsible for all damages sustained by the Plaintiff in this matter as hereinbefore or hereinafter alleged which were caused as a result of the negligent operation and supervision of the said passenger bus/coach by Defendant's employee, driver, staff, agent and/or representative pursuant to statutory and common law governing owner's liability for the negligent operation of motor vehicles.

WHEREFORE, the Plaintiff prays for judgment in favor of Plaintiff and against the Defendant in whatever amount this Court deems Plaintiff is entitled, together with interest, costs, and reasonable attorney fees.

### Count III - RESPONDEAT SUPERIOR

25.     Plaintiff herein re-incorporates and re-alleges paragraphs 1 through 5 of the General Allegations, paragraphs 6 through 20 of Count I, and paragraphs 21 through 24 of Count II of this Complaint with the same force and effect as if same were set forth in full hereunder, and further states:

26.     That on or about August 10, 2008, and at all relevant times ,Defendant

GREYHOUND was the owner of the passenger bus/coached operated by its employee, driver, staff, agent and/or representative in which Plaintiff was a passenger.

27.     That on or about August 10, 2008, the driver/operator of the said GREYHOUND passenger bus/coach was an employee, servant, and agent of said Defendant GREYHOUND working within the scope and course of his employment.

28.     That on or about August 10, 2008, and at the time of the aforesaid collision, Defendant's employee, driver, staff, agent and/or representative was operating said passenger bus/coach with the express and/or implied consent of Defendant GREYHOUND.

29.     That on or about August 10, 2008, Defendant GREYHOUND knew or should have known that the driver and/or operator of the passenger bus/coach in which Plaintiff was a passenger was operating said motor vehicle.

30.     That on or about August 10, 2008, and at the time of the Plaintiff's fall, Defendant GREYHOUND's employee, driver, staff, agent and/or representative was operating said passenger bus/coach during the course of his employment for Defendant GREYHOUND and during the course of his regular duties for said Defendant.

31.     That Defendant GREYHOUND is liable for the negligent operation of its bus/coach by said servant, employee, driver, staff, and agent, pursuant to the Doctrine of Respondeat Superior.

WHEREFORE, the Plaintiff prays for judgment in favor of Plaintiff and against the

Defendant in whatever amount this Court deems Plaintiff is entitled, together with interest, costs, and

reasonable attorney fees.

ROTHSTEIN, ERLICH
& ROTHSTEIN, PLLC


By:  S/Lawrence R. Rothstein
LAWRENCE R. ROTHSTEIN (P19697)
Attorney for Plaintiff
19068 W. Ten Mile Road
Southfield, MI 48075
(248) 355-2048
Email:  lrr@rothsteinlawgroup.com

Dated:  June 15, 2010

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

MARY VEAL,

        Plaintiff,

                                        Case No. 10- NO
                                        Hon.

vs.

GREYHOUND LINES, INC.,
a Delaware Corporation,

        Defendant.

_____/

LAWRENCE R. ROTHSTEIN (P19697)
MARIO J. AZZOPARDI (P46971)
Attorneys for Plaintiff
19068 W. Ten Mile Road
Southfield, MI 48075
(248) 355-2048/(248) 355-2079
lrr@rothsteinlawgroup.com
mja@rothsteinlawgroup.com
_____/

## <u>DEMAND FOR JURY TRIAL</u>

        NOW COMES the Plaintiff herein, MARY VEAL, by and through her attorneys,

ROTHSTEIN, ERLICH & ROTHSTEIN, PLLC, and hereby demands a trial by jury as to any and all

issues so triable in the captioned matter.

                                  ROTHSTEIN, ERLICH
                                  & ROTHSTEIN, PLLC


                                  By:  S/Lawrence R. Rothstein
                                  LAWRENCE R. ROTHSTEIN (P19697)
                                  Attorney for Plaintiff
                                  19068 W. Ten Mile Road
                                  Southfield, MI 48075
                                  (248) 355-2048
                                  Email:  lrr@rothsteinlawgroup.com

Dated:  June 15, 2010