UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARY VEAL,

      Plaintiff,

                              CASE NO. 4:10-CV-12377
v.                            JUDGE MARK A. GOLDSMITH
                              MAGISTRATE JUDGE PAUL KOMIVES

GREYHOUND LINES, INC., a
Delaware Corporation,

      Defendant.

_____/

## REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (docket #24)

I.    RECOMMENDATION: The Court should grant defendant's motion for summary judgment.

II.    REPORT:

A.    *Procedural Background*

Plaintiff Mary Veal commenced this action on June 16, 2010, by filing a complaint against defendant Greyhound Lines. This Court has jurisdiction based on the diverse citizenship of the parties. *See* 28 U.S.C. § 1332. Plaintiff's complaint alleges that she was injured when she exited a bus operated by defendant in Findlay, Ohio, and asserts a state law claim of negligence against defendant directly, or based on *respondeat superior*.[1] In her complaint and *pro se* response to defendant's motion for summary judgment, plaintiff alleges that she purchased a ticket to travel on a Greyhound bus from Detroit, Michigan, to Columbus, Ohio, on August 10, 2008. Prior to

---

[1]At the time this action was commenced, plaintiff was represented by counsel and her complaint was filed by counsel. On March 18, 2011, the Court granted counsels' motion to withdraw, based on a breakdown in the attorney-client relationship. Plaintiff has not retained new counsel, and is now proceeding *pro se*.

1

purchasing her ticket, a representative of defendant told her that a footstool would be available to help her board and exit the bus. Plaintiff alleges that, upon exiting the bus for a rest stop in Findlay, Ohio, no foot stool was provided. According to plaintiff, a large man was in front of her, rendering her unable to see the last step. As a result of assuming that a foot stool was present, she fell, injuring her knees and back, and requiring her to have a right knee replacement and back surgery.

The matter is currently before the Court on defendant's motion for summary judgment, filed on July 20, 2011. Defendant argues that it is entitled to summary judgment because there is no genuine issue of material fact with respect to whether it breached a duty of care owed to plaintiff. Plaintiff filed a *pro se* response to the motion on January 3, 2012.

B.  *Choice of Law*

Before addressing the merits of plaintiff's claim and defendant's motion, the Court must first determine the applicable governing law. Although plaintiff was injured in Ohio, defendant bases its motion solely on Michigan law. Neither plaintiff's complaint filed through counsel nor her *pro se* response address the law governing her claims. The Court should conclude that Michigan law governs plaintiff's claims, for two reasons.

First, in resolving the parties' state law claims, the Court must apply the substantive law of the state. 28 U.S.C. § 1652 ("The laws of the several states . . . shall be regarded as rules of decisions in civil actions in the courts of the United States, in cases where they apply."); *see also, Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938). In determining the appropriate source of law, the Court applies the choice of law rules of Michigan, the state in which this Court sits. *See Klaxon v. Stentor Elec. Mfg. Co., Inc.*, 313 U.S. 487, 496 (1941) ("The conflict of laws rules to be applied by the federal court in Delaware must conform to those prevailing in Delaware's state courts.");

*International Ins. Co. v. Stonewall Ins. Co.*, 86 F.3d 601, 604 (6th Cir. 1996) ("A federal court exercising diversity jurisdiction must apply the choice of law rules of the forum state."); *Security Ins. Co. v. Kevin Tucker & Assocs., Inc.*, 64 F.3d 1001, 1005 (6th Cir. 1995) (same). Under Michigan choice of law rules, a court "will apply Michigan law unless a 'rational reason' to do otherwise exists. In determining whether a rational reason to displace Michigan law exists, we undertake a two-step analysis. First, we must determine if any foreign state has an interest in having its law applied. If no state has such an interest, the presumption that Michigan law will apply cannot be overcome. If a foreign state does have an interest in having its law applied, we must then determine if Michigan's interests mandate that Michigan law be applied, despite the foreign interests." *Sutherland v. Kennington Truck Serv., Ltd.*, 454 Mich. 274, 286, 562 N.W.2d 466, 471 (1997). In an early manifestation of this approach, the court in *Sexton v. Ryder Truck Rental, Inc.*, 413 Mich. 406, 320 N.W.2d 843 (1982), held that "where Michigan residents or corporations doing business in Michigan are involved in accidents in another state and appear as plaintiffs and defendants in Michigan courts, the courts will apply the *lex fori* [law of the forum], not the *lex loci delicti* [law of the place of injury]." *Id.* at 433, 320 N.W.2d at 854.

Here, there is no question that plaintiff is a resident of Michigan. Likewise there is no question that defendant was doing business in Michigan. Thus, under Michigan's *lex fori* rule, Michigan law applies to plaintiff's claim. *See Hollister v. Dayton Hudson Corp.*, 5 F. Supp. 2d 530, 533 (E.D. Mich. 1998) (Feikens, J.), *aff'd in part, rev'd in part on other grounds*, 201 F.3d 731 (6th Cir. 2000).

Second, choice of law issues do not involve a court's subject matter jurisdiction, and may be stipulated to by parties as a matter of contract. For these reasons, there is substantial authority

for the proposition that parties may stipulate during litigation the source of law governing their dispute. *See Cates v. Morgan Portable Bldg. Corp.*, 780 F.2d 683, 687 (7th Cir. 1985); *Doe v. Nevada Crossing, Inc.*, 920 F. Supp. 164, 167 (D. Utah 1996); *Van Deurzen v. Yamaha Motor Corp. USA*, 688 N.W.2d 777, 781-82 (Wis. Ct. App. 2004).[2] By arguing solely in terms of Michigan, the parties have implicitly stipulated that Michigan law is controlling. *See In re Apex Automotive Warehouse, L.P.*, No. 96 B 04594, 1999 WL 132849, at *3 (Bankr. N.D. Ill. Mar. 9, 1999); *cf. Golumbia v. Prudential Ins. Co.*, No. 96-1521, 1997 WL 345728, at *2 (6th Cir. June 20, 1997) (party waived right to challenge applicability of Michigan law, notwithstanding contractual choice-of-law provision selecting New York law, where party argued merits in district court under Michigan law and failed to raise the contractual choice-of-law provision). *See generally*, *Cates*, 780 F.2d at 687 ("[T]he parties to a lawsuit can, within broad limits, stipulate to the law governing their dispute; and an implied stipulation is good enough."). Stated another way, "[w]here neither party argues that the forum state's choice of law rules require the court to apply the substantive law of another state, the court should apply the forum state's substantive law." *ECHO, Inc. v. Whitson Co.*, 52 F.3d 702, 707 (7th Cir. 1995); *see also*, *BBSerCo, Inc. v. Metrix Co.*, 324 F.3d 955, 960 n.3 (8th Cir. 2003); *Carbonic Prods. Co. v. Welding & Cutting Supply Co.*, No. 86-1730, 1987 WL 38061, at *1 (6th Cir. July 17, 1987) (per curiam); *Wilkes Assocs. v. Hollander Indus. Corp.*, 144 F. Supp. 2d 944, 949 n.4 (S.D. Ohio 2001). Here, neither party argues that another state's law applies, and

---

[2] A number of cases also note that the parties stipulated to the governing law and assume that the stipulation is controlling, without discussing the matter in detail. *See, e.g.*, *National Union Fire Ins. Co. v. Emhart Corp.*, 11 F.3d 1524, 1528-29 (10th Cir. 1993); *Wagenheim v. Natural Science Indus., Ltd.*, No. 1:04CV0239, 2006 WL 2794790, at *3 (N.D. Ohio Sept. 27, 2006); *Ethicon, Inc. v. Aetna Cas. & Surety Co.*, 805 F. Supp. 203, 204 n.1 (S.D.N.Y. 1992), *aff'd*, 993 F.2d 1532 (2d Cir. 1993); *Mariculture Prods. Ltd. v. Those Certain Underwriters at Lloyd's of London Individually Subscribing to Certificate No. 1395/91*, 854 A.2d 1100, 1103 n.2 (Conn. Ct. App. 2004)

thus the Court should apply Michigan law.

C.     *Summary Judgment Standard*

Under Rule 56, summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "An issue of fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Hedrick v. Western Reserve Care Sys.*, 355 F.3d 444, 451 (6th Cir. 2004) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "A fact is material only if its resolution will affect the outcome of the lawsuit." *Hedrick*, 355 F.3d at 451-52 (citing *Anderson*, 477 U.S. at 248). In deciding a motion for summary judgment, the Court must view the evidence in a light most favorable to the non-movant as well as draw all reasonable inferences in the non-movant's favor. *See Sutherland v. Michigan Dep't of Treasury*, 344 F.3d 603, 613 (6th Cir. 2003); *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003).

"The moving party has the initial burden of showing the absence of a genuine issue of material fact as to an essential element of the non-moving party's case." *Hedrick*, 355 F.3d at 451 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). To meet this burden, the moving party need not produce evidence showing the absence of a genuine issue of material fact. Rather, "the burden on the moving party may be discharged by 'showing' -- that is, pointing out to the district court -- that there is an absence of evidence to support the non-moving party's case." *Celotex Corp.*, 477 U.S. at 325; *see also*, FED. R. CIV. P. 56(c)(1) (moving party may meet its burden by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."). "Once the moving party satisfies its burden, 'the

burden shifts to the nonmoving party to set forth specific facts showing a triable issue.'" *Wrench LLC v. Taco Bell Corp.*, 256 F.3d 446, 453 (6th Cir. 2001) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)); *see also*, FED. R. CIV. P. 56(e). To create a genuine issue of material fact, however, the non-movant must do more than present some evidence on a disputed issue. As the Supreme Court has explained:

> There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the [non-movant's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted.

*Anderson*, 477 U.S. at 249-50. (citations omitted); *see Celotex Corp.*, 477 U.S. at 322-23; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). Thus, "[t]he existence of a mere scintilla of evidence in support of the non-moving party's position will not be sufficient; there must be evidence on which the jury could reasonably find for the non-moving party." *Sutherland*, 344 F.3d at 613.

D.   *Analysis*

Plaintiff brings a claim for negligence which, as discussed above, is governed by Michigan law. Under Michigan law, "[t]o establish a prima facie case of negligence, a plaintiff must prove four elements: (1) a duty owed by the defendant to the plaintiff, (2) a breach of that duty, (3) causation, and (4) damages ." *Case v. Consumers Power Co.*, 463 Mich. 1, 6, 615 N.W.2d 17, 20 (2000); *accord Fultz v. Union Commerce Ass'n*, 470 Mich. 460, 463, 683 N.W.2d 587, 590 (2004). The question of duty is a threshold question. *See Fultz*, 470 Mich. at 463, 683 N.W.2d at 590. "'It is axiomatic that there can be no tort liability unless defendant[] owed a duty to plaintiff.'" *Id.* (quoting *Beaty v. Hertzberg & Golden, PC*, 456 Mich. 247, 262, 571 N.W.2d 716, 723 (1997)). The existence of a duty is a question of law for the court. *See Beaty*, 456 Mich. at 262, 571 N.W.2d at

723. With respect to its passengers, a common carrier such as defendant has "the duty to exercise such diligence as would be exercised in the circumstances by a reasonably prudent carrier." *Frederick v. City of Detroit*, 370 Mich. 425, 437, 121 N.W.2d 918, 923 (1963). Despite this duty, "a common carrier is not an insurer of the passengers' safety, and does not have a duty to protect passengers from risks ordinarily present in the mode of conveyance employed." *Mosby v. Greyhound Lines, Inc.*, No. 06-13157, 2007 WL 4572049, at *7 (E.D. Mich. Dec. 27, 2007) (Zatkoff, J.) (citations omitted) (citing *Oppenheim v. Pitcairn*, 293 Mich. 475, 477, 292 N.W.2d 374, 375 (1940); *Frohiep v. Lake Shore & M.S. Ry. Co.*, 131 Mich. 459, 465, 91 N.W. 748, 750 (1902)).[3]

 Here, plaintiff cannot show a genuine issue of material fact with respect to whether defendant breached a duty it owed to plaintiff. Although plaintiff claims that she fell because there was no footstool at the bottom of the steps leading off the bus, her deposition testimony makes clear that she fell on the steps themselves, not as a result of stepping from the bus to the ground. There is no dispute that there were four steps leading off the bus, with accompanying handrails. *See* Def.'s Br., Ex. C (picture of bus exitway). Nor is there any question that there were signs posted by the exitway warning passengers to "Watch Your Step." *See id.* At her deposition, plaintiff testified that she fell from the second step all the way to the ground, not as she was stepping from the bus to the pavement. She also testified that she saw that there was no footstool as she was standing on either the second or third step, before she attempted to alight from the bus to the ground. *See* Def.'s Br., Ex. A, Dep. Tr. of Mary L. Veal, at 138-42, 150-51. Thus, by plaintiff's own admission, she began to fall while she was negotiating the stairs leading off the bus, rather than as she was stepping from the bus to the ground.

---

[3]A copy of the *Mosby* decision is attached as an exhibit to defendant's motion.

As noted above, "a common carrier does not have a duty to protect passengers from risks ordinarily present in the mode of conveyance employed." *Mosby*, 2007 WL 4572049, at *7 (citing *Frohiep*, 131 Mich. at 465, 91 N.W. at 750). Under Michigan law, a common carrier "is not obligated to protect the plaintiff from what she should be aware of and able to protect herself against." *Id*. at *8. Further, it is clear under Michigan law that "stairs and steps are considered open and obvious hazards that plaintiffs are expected to appreciate and protect themselves against." *Id*. (citing *Bertrand v. Alan Ford*, 449 Mich. 606, 616, 537 N.W.2d 185, 189 (1995). As the Michigan Supreme Court explained in *Bertrand*,

> because steps are the type of everyday occurrence that people encounter, under most circumstances, a reasonably prudent person will look where he is going, will observe the steps, and will take appropriate care for his own safety. Under ordinary circumstances, the overriding public policy of encouraging people to take reasonable care for their own safety precludes imposing a duty on the possessor of land to make ordinary steps "foolproof."

*Bertand*, 449 Mich. at 616-17, 537 N.W.2d at 189. This reasoning applies equally to the stairs of a bus, which present the type of obvious, ordinary hazard present in bus travel. *See Mosby*, 2007 WL 4572049, at *8; *Frohiep*, 131 Mich. at 465, 91 N.W. at 750. Because plaintiff has presented no evidence that she could not perceive the hazard presented by the steps, and because she has presented no evidence that the character of the circumstances or surrounding circumstances presented an unreasonable risk, defendant is entitled to summary judgment. *See Mosby*, 2007 WL 4572049, at *8; *cf*. *Bertrand*, 449 Mich. at 617, 537 N.W.2d at 189-90.[4]

---

[4]Although I recommend that the Court conclude that Michigan law applies to plaintiff's claim, the result remains the same if the Court determines that the law of the state in which the injury occurred, Ohio, should be applied. As under Michigan law, a negligence claim under Ohio law requires the plaintiff to prove a duty, breach of that duty, causation, and injury. *See James v. Wright*, 602 N.E.2d 392, 394 (Ohio Ct. App. 1991). And similar to Michigan law, under Ohio law "[a] common carrier has a duty to warn its passengers of dangerous agents or conditions known to or reasonably ascertainable by the carrier," but this "duty applies only as to perils which the passengers should not be expected to discover

E.    *Conclusion*

In view of the foregoing, the Court should conclude that there are no genuine issues of material fact and that defendant is entitled to judgment as a matter of law. Accordingly, the Court should grant defendant's motion for summary judgment.

III.    NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in FED. R. CIV. P. 72(b). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

---

or protect themselves against," *id.* at 393, and a common carrier is "not on insurer of [its passengers'] safety." *Fries v. Cincinnati St. Ry. Co.*, 37 N.E.2d 193, 194 (Ohio 1941). For the same reasons that plaintiff's claim fails under Michigan law, it likewise fails under Ohio law. *See, e.g.*, *Williams v. Greater Cleveland Regional Transit Auth.*, No. 87038, 2006 WL 1705129, at *3 (Ohio Ct. App. June 22, 2006); *Schatzder v. Cleveland Ry. Co.*, No. 9716, 29 Ohio Law Rptr. 308, 1929 WL 2127, at *1 (Ohio Ct. App. May 13, 1929)

                                                s/Paul J. Komives  
                                                PAUL J. KOMIVES  
                                                UNITED STATES MAGISTRATE JUDGE  
Dated: 1/9/12

---

The undersigned certifies that a copy of the foregoing order was served on the attorneys of record and by electronic means or U.S. Mail on January 3, 2012.

                                    s/Eddrey Butts  
                                    Case Manager