UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARY LEE VEAL,

        Plaintiff,                                Civil Case No.
vs.                                                 10-CV-12377

GREYHOUND LINES, INC.,              HON. MARK A. GOLDSMITH

        Defendant.
_____/

### ORDER ACCEPTING AND ADOPTING
### REPORT AND RECOMMENDATION (DKT. 32) AND
### GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (DKT. 24)

This matter is presently before the Court on Plaintiff Mary Veal's objections to Magistrate Judge Paul Komives's Report & Recommendation ("R&R"), entered on January 9, 2012 (Dkt. 32), recommending that the Court grant Defendant's motion for summary judgment (Dkt. 24). The gist of the R&R is contained in this excerpt:

> With respect to its passengers, a common carrier such as defendant has "the duty to exercise such diligence as would be exercised in the circumstances by a reasonably prudent carrier." Frederick v. City of Detroit, 370 Mich. 425, 437, 121 N.W.2d 918, 923 (1963). Despite this duty, "a common carrier is not an insurer of the passengers' safety, and does not have a duty to protect passengers from risks ordinarily present in the mode of conveyance employed." Mosby v. Greyhound Lines, Inc., No. 06-13157, 2007 WL 4572049, at *7 (E.D. Mich. Dec. 27, 2007) (Zatkoff, J.) (citations omitted) (citing Oppenheim v. Pitcairn, 293 Mich. 475, 477, 292 N.W.2d 374, 375 (1940); Frohiep v. Lake Shore & M.S. Ry. Co., 131 Mich. 459, 465, 91 N.W. 748, 750 (1902)).
>
> Here, plaintiff cannot show a genuine issue of material fact with respect to whether defendant breached a duty it owed to plaintiff. Although plaintiff claims that she fell because there was no footstool at the bottom of the steps leading off the bus, her deposition testimony makes clear that she fell on the steps themselves, not as a result of stepping from the bus to the ground. There is no dispute that there were four steps leading off the bus, with accompanying handrails. See Def.'s Br., Ex. C (picture of bus exitway). Nor is there any question that there were signs posted by the exitway warning passengers to "Watch Your Step." See id. At her deposition, plaintiff testified that she fell from the second step all the way to the ground, not as she was stepping from the bus to the

> pavement. She also testified that she saw that there was no footstool as she was standing on either the second or third step, before she attempted to alight from the bus to the ground. See Def.'s Br., Ex. A, Dep. Tr. of Mary L. Veal, at 138-42, 150-51. Thus, by plaintiff's own admission, she began to fall while she was negotiating the stairs leading off the bus, rather than as she was stepping from the bus to the ground.

R&R at 7.

Plaintiff objects to the R&R's description of Plaintiff's testimony wherein the R&R states that Plaintiff testified that she fell on the steps of the bus themselves and not as she was stepping from the bus to the ground. However, a review of the record indicates that the R&R's description of Plaintiff's testimony is correct. In her deposition testimony, Plaintiff stated, "I started falling from the second step, and when I got ready to step on the third step, I fell out of the bus, because the footstool wasn't there and I panicked." Veal Dep. at 140 (Dkt. 24-2). In any event, the Court agrees with the Magistrate Judge that Plaintiff has presented no evidence that Defendant breached a duty to Plaintiff or that the character of the circumstances or surrounding circumstances presented an unreasonable risk. See Mosby v. Greyhound Lines, Inc., 2007 WL 4572049, at *7 ("a common carrier . . . does not have a duty to protect passengers from risks ordinarily present in the mode of conveyance employed").

Accordingly, the Magistrate Judge's R&R (Dkt. 32) is accepted and adopted as the findings and conclusions of the Court. Defendant's motion for summary judgment (Dkt. 24) is granted, and Plaintiff's complaint is dismissed.

SO ORDERED.

Dated:  March 29, 2012                              s/Mark A. Goldsmith
     Flint, Michigan                              MARK A. GOLDSMITH
                                                                         United States District Judge

**CERTIFICATE OF SERVICE**

 The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 29, 2012.

              s/Deborah J. Goltz
              DEBORAH J. GOLTZ
              Case Manager